# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| KHADIJAH BUTLER<br>231 East North Avenue<br>Baltimore, Maryland 21202<br><br>    *Plaintiff*,<br><br>    v.<br><br>THE AVENUE K&B LLC<br>911 West 36th Street<br>Baltimore, Maryland 21211<br><br>    Serve:<br>    JOHN PATRICK DAHLGREN<br>    911 West 36th Street<br>    Baltimore, Maryland 21211<br><br>JOHN PATRICK DAHLGREN<br>911 West 36th Street<br>Baltimore, Maryland 21211<br><br>DAVID ARNOLD COUSER<br>4931 Arborgate Circle<br>Halethorpe, Maryland 21227-2561<br><br>    *Defendants*. | Civil Action No.: 1:24-cv-00717 |

## COMPLAINT

Khadijah Butler ("Plaintiff") brings this action against Defendants, The Avenue K&B LLC ("The Avenue"), John Patrick Dahlgren ("Dahlgren") and David Couser ("Couser"), for violations of her rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Labor & Empl. Art. §§ 3-415 and 3-427, and the Maryland Wage Payment and Collection Law ("MWPCL"), Labor & Empl. Art., §§ 3-505 and 3-507.2.

In support, Plaintiff alleges as follows:

## THE PARTIES

1. Plaintiff is an adult resident of Baltimore City, Maryland. She was employed by Defendants from approximately March 1, 2022, to January 11, 2023. During Plaintiff's employment with Defendants, she held the position of Bartender and was paid exclusively in tips.

2. The Avenue is a limited liability company which was formed under the laws of the State of Maryland, and it owns and operates The Avenue. The corporate headquarters is located at 911 West 36th Street, Baltimore Maryland 21218. The Avenue is an employer of Plaintiff within the meaning of the FLSA, the MWHL and the MWPCL, because it hired Plaintiff, it set the terms and conditions of Plaintiff's compensation, it supervised her, it paid her wages, it was involved in the violations that give rise to this case, it maintained Plaintiff's employment records, and it had the authority to terminate Plaintiff and did so.

3. The Avenue is an "Enterprise Engaged in Commerce" within the meaning of 29 U.S.C. § 203 (s)(1), as it has had and continues to have: (1) employees engaged in the handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

4. Dahlgren is an employer of Plaintiff within the meaning of the FLSA, the MWHL and the MWPCL because he is an owner, member and officer of The Avenue, who is significantly involved in its business operations. Specifically, (1) he is responsible for creating and enforcing The Avenue's policies and procedures governing employee pay, compensation and benefits and overtime pay, (2) from time to time he was Plaintiff's direct and immediate supervisor, (3) he controls the corporate funds of The Avenue, which were used to pay Plaintiff and other employees

and could and did allocate funds as profits, (4) he, along with Couser, set and approved the manner and amount that Plaintiff was paid, and he was responsible for violation of the tip credit rules and the failure to pay Plaintiff overtime pay during a time when he worked more than 40 hours in a work week, (5) he, along with Couser was responsible for paying Plaintiff and he along with Couser made payments to Plaintiff of her wages, (6) he had authority to hire, fire and discipline Plaintiff, (7) he made or approved the decision to engage in the illegal pay practices that are the subject of this law suit in order to make The Avenue more profitable, and (8) he maintained Plaintiff's employment records.

    5.      Couser is an employer of Plaintiff within the meaning of the FLSA, the MWHL and the MWPCL because he is an owner, member, and officer of The Avenue, who is significantly involved in its business operations. Specifically, (1) he is responsible for creating and enforcing The Avenue's policies and procedures governing employee pay, compensation and benefits and overtime pay, (2) from time to time he was Plaintiff's direct and immediate supervisor and on several occasions specifically, he asked Plaintiff to work past her scheduled end time of 1:00 a.m., (3) he, along with Dahlgren, controls the corporate funds of The Avenue, which were used to pay Plaintiff and other employees and could and did allocate funds as profits, (4) he, along with Dahlgren, set and approved the manner and amount that Plaintiff was paid, and he along with Dahlgren was responsible for violation of the tip credit rules and the failure to pay Plaintiff minimum wage and overtime pay and her last 10 days of pay, (5) he, and Dahlgren, were jointly responsible for paying Plaintiff and in many instances when Dahlgren failed to pay Plaintiff and other employees their wages, Couser would make the payments from his own personal funds, (6) when Plaintiff did not receive pay for her last ten days of work, she complained to Couser, who failed to remedy the situation in violation of the MWPCL, (7) he had authority to hire, fire and

3

discipline Plaintiff, (8) he made or approved the decision to engage in the illegal pay practices in order to make The Avenue more profitable, including the minimum wage and overtime violations and the failure to pay Plaintiff for her last 10 days of wages, and (9) he, along with Dahlgren, maintained Plaintiff's employment records.

## SUBJECT MATTER JURISDICTION

6. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims involve federal questions, and the Court has pendant jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367.

## PERSONAL JURISDICTION

7. This Court has personal jurisdiction over The Avenue under Maryland's Long Arm Statute, Md. Code Ann., Cts. & Jud. Proc. § 6-103 because, throughout the time Plaintiff was employed by The Avenue, it was licensed to do business in the State of Maryland, its corporate headquarters was in Maryland, and it regularly transacted business or performed work or services in Maryland. *Id*. § 6-103 (b)(1). In addition, Plaintiff's cause of action arises out of (or relates to) The Avenue's contacts with the State of Maryland, because during the time Plaintiff was working for The Avenue in Maryland, it violated the FLSA, the MWHL and the MWPCL by failing to pay Plaintiff an overtime premium for her overtime hours, failing to pay her the applicable Maryland Minimum Wage and failing to pay her anything at all for her work from January 1 through January 11, 2023.

8. This Court also has personal jurisdiction over Dahlgren and Couser under Maryland's Long Arm Statute, because directly, and through agents of The Avenue, they transacted business in Maryland and/or performed work or services in Maryland, by owning and operating a

restaurant (The Avenue) in Maryland. In addition, Plaintiff's cause of action arises out of (or relates to) Dahlgren's and Couser's direct contacts with the State of Maryland, because during the time Plaintiff was working for The Avenue in Maryland, as Plaintiff's employers, violated the FLSA, the MWHL and the MWPCL by failing to pay Plaintiff an overtime premium for her overtime hours and failing to pay her the applicable Maryland Minimum Wage.

## STATEMENT OF FACTS

9. Plaintiff was employed by The Avenue as a Bartender from on or about March 1, 2022 to January 11, 2024.

10. During her employment with Defendants, Plaintiff recorded her time through an application called Toast. She would punch in at the beginning of her shift and punch out at the end. Both Toast and Defendants are in possession of these records.

11. During her employment with Defendants, Plaintiff would typically work five days per week, with Monday and Wednesday off. Plaintiff typically began her shift at 5:00 p.m. and ended it at 1:00 a.m. the following day or later than 1:00 a.m. Plaintiff would often be required to work later than 1:00 a.m. She estimates that she worked approximately 45 hours per week. However, Defendants paid Plaintiff exclusively with tips and did not pay her the overtime premium required by the FLSA or the MWHL.

12. Plaintiff was not paid a minimum wage or a subminimum wage. She was compensated exclusively by receiving tips. Defendants pooled the tips and distributed them to the various employees including Plaintiff once per week and the payments were in cash with no paystubs and no withholdings deducted. Occasionally, Plaintiff would receive checks for the amount of her credit card tips, but since the checks almost always bounced, Defendants paid Plaintiff in cash or by cash disbursements through an app.

13. Defendants did not comply with the tip credit rules, which are the same for the FLSA and the MWHL. *See McFeeley v. Jackson Street Entm't*, 825 F.3d 235, 245-46 (4th Cir. 2016). The tip credit rules allow employers to pay their tipped employees less than the applicable minimum wage if the tips and the sub-minimum wage together meet the minimum wage requirements. The subminimum wage required under the FLSA is $2.13 per hour. The subminimum wage under the MWHL is $3.63 per hour. The tip credit rules require an employer to inform an employee of the tip credit that is being claimed and of the tip credit rules set forth in the FLSA and the MWHL. If the employer fails to inform the employee or otherwise follow the tip credit rules (such as paying the subminimum wage), then the employer may not claim that the tips are an offset for the employer's obligations to pay minimum wages or an overtime premium. *Dorsey v. TGT Consulting, LLC*, 888 F. Supp.2d 670, 681 (D. Md. 2012).

14. At no time during the time Plaintiff was employed as a Bartender, did Defendants inform Plaintiff that it was intending to take a tip credit; at no time did Defendants inform Plaintiff of the tip credit rules; and at no time did Defendants pay Plaintiff the subminimum wage required by the FLSA or the MWHL. As a result, Defendants owe Plaintiff full minimum wages for all hours she worked during her employment with them, plus an overtime premium equal to 1.5 times the applicable minimum wage.

15. The minimum wage in Maryland between May 10, 2022, and December 31, 2022, was $12.50 per hour. The minimum wage in Maryland between January 1, 2023, and December 31, 2023, was $13.25 per hour.

16. In addition, Defendants failed to pay Plaintiff anything at all for her work from approximately January 1, 2023, to January 11, 2023.

## COUNT I
## VIOLATIONS OF THE FLSA
## 29 U.S.C. §§ 201 – 216 (b)

17. Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

18. At all times relevant to this Complaint, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

19. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

20. At all times relevant to the Complaint, the Avenue was an enterprise engaged in commerce within the meaning of the FLSA.

21. Defendants violated the FLSA by failing to pay Plaintiff one and one-half times her regular hourly rate for each hour over 40 that she worked in a work week and failing to pay her the applicable minimum wage during the time she worked as a Bartender and by unlawfully retaining tips which belonged to Plaintiff.

22. Defendants did not act in good faith or with reasonable grounds to believe that their actions were lawful, entitling Plaintiff to liquidated damages.

23. Plaintiff is not able to calculate her precise damages because she is not in possession of any time records that would indicate the precise number of hours that she worked in the various work weeks and the amount she was paid.

24. Defendants are liable to Plaintiff under 29 U.S.C. § 216 (b), for Plaintiff's unpaid overtime and minimum wages. Defendants are also liable for an additional amount equal to her actual damages as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## COUNT II
## VIOLATIONS OF THE MWHL
### Md. Code Ann., Lab. & Empl. §§ 3-413, 3-420

25. Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

26. At all times relevant to this Complaint, Defendants were "employer[s]" of the Plaintiff within the meaning of the MWHL.

27. At all times relevant to this Complaint, Plaintiff was an "employee" of the Defendants within the meaning of the MWHL.

28. Defendants violated the MWHL by: (1) violating the tip credit rules, (2) failing to pay Plaintiff one and one-half times her regular hourly rate for each hour over 40 that she worked in a single work week, (3) failing to pay her the applicable Maryland Minimum Wage and (4) failing to pay her anything at all for her last ten days of work.

29. Defendants did not act in good faith or with a reasonable belief that their actions were lawful, entitling Plaintiff to liquidated damages.

30. Plaintiff is not able to calculate her precise damages because she is not in possession of any time records, payroll records or other records that would indicate the precise number of hours that she worked in the various work weeks and the amount she was paid.

31. As a result, Defendants are liable to Plaintiff pursuant to the MWHL for her unpaid and illegally withheld wages and an additional equal amount as liquidated damages and litigation costs and reasonable attorneys' fees.

**COUNT III**
**VIOLATIONS OF THE MWPCL**
**Md. Code Ann., Lab. & Empl. §§ 3-501 – 3-507.2**

32. Plaintiff repeats and incorporates by reference all allegations set forth above.

33. Defendants knowingly, willfully and intentionally violated Plaintiff's rights under the MWPCL by failing to pay Plaintiff her Maryland Minimum Wages, failing to pay her an overtime premium for her overtime hours and failing to pay Plaintiff anything at all for her last ten days of work.

34. Defendants' unlawful failure or refusal to pay the required wages was not the result of a *bona fide* dispute within the meaning of the MWPCL.

35. Plaintiff is not able to calculate her precise damages because she is not in possession of any time records, payroll records or other records that would indicate the precise number of hours that she worked in the various work weeks and the amount she was paid.

36. Defendants are liable to Plaintiff pursuant to the MWPCL for the aforementioned wages, an additional amount equal to double the unpaid wages as liquidated damages and litigation costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant her the following relief:

a) enter a judgment against Defendants, jointly and severally, and in favor of the Plaintiff in the amount of Plaintiff's unpaid and illegally withheld wages plus an equivalent amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

b) enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, based on Defendants' violations of the MWHL in the amount of Plaintiff's unpaid and illegally withheld wages along with a sum equal to the amount of the unpaid wages as liquidated damages;

c) enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, based on Defendants' violations of the MWPCL in the amount of Plaintiff's unpaid wages along with an amount equal to twice the unpaid wages as liquidated damages;

d) award Plaintiff her litigation costs and reasonable attorneys' fees incurred in this action as provided in 29 U.S.C. § 216 (b) and Md. Code Ann., Labor & Empl. §§ 3-427 (a) and 3-507.2; and

e) award any other appropriate relief to which Plaintiff may be entitled.

Respectfully submitted,

*/s/Omar Vincent Melehy*
Omar Vincent Melehy,
MD Bar No.: 05712
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel: (301) 587-6364
Fax: (301) 587-6308
Email: ovmelehy@melehylaw.com
*Counsel for Plaintiff*

11