IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| KHADIJAH BUTLER, | * |
| Plaintiff | * |
| v. | *  Civ. No.: MJM-24-717 |
| THE AVENUE K&B, LLC et al., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Plaintiff Khadijah Butler ("Plaintiff") filed this wage and hour action against defendants The Avenue K&B LLC ("The Avenue"), John Patrick Dahlgren, and David Couser (collectively, "Defendants"). ECF 1. Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"). *Id*. Plaintiff alleges that Defendants failed to pay her minimum wages and overtime wages to which she was entitled for work performed as a bartender at The Avenue restaurant in Baltimore, Maryland. *Id.*

Currently pending is self-represented defendant David Couser's motion to dismiss the claims against him, ECF 24, and "Motion to Set Aside Entry of Default Judgment," ECF 34. The latter motion is construed as a motion to set aside entry of default and is granted *nunc pro tunc*.[1]

---

[1] No default judgment has been entered against Couser. Upon Plaintiff's motion, the Clerk entered default as to Couser on July 25, 2024. ECF 13. During a status conference on March 24, 2025, Couser orally requested that the default be vacated. The Court orally granted that request but did not enter a written order.

1

The motion to dismiss is fully briefed and ripe for disposition.[2] For the reasons set forth below, Couser's motion to dismiss is denied.

Couser cites Rule 12(b)(6) of the Federal Rules of Civil Procedure as the basis for his motion and argues that the Complaint fails to state a claim for relief against him. Rule 12(b) allows this defense to be asserted before filing a responsive pleading, while Rule 12(c) permits a party to move for judgment on the pleadings after the pleadings are closed. Here, Couser combined his motion with a responsive pleading. *See* ECF 24. Whether the motion is viewed as one under Rule 12(b)(6) or under Rule 12(c), the standard of review is the same. *See Butler v. United States*, 702 F.3d 749, 751–52 (4th Cir. 2012); *W.C. & A.N. Miller Dev. Co. v. Cont'l Cas. Co.*, 814 F.3d 171, 175–76 (4th Cir. 2016). A motion made under either rule tests the sufficiency of the opposing party's pleading. A plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When ruling on a motion to dismiss a complaint for insufficient pleading, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

Couser presents several arguments in support of his motion. First, he argues that Plaintiff fails to allege he was Plaintiff's "employer" within the meaning of the FLSA and Maryland wage laws or that he engaged in any conduct regarding Plaintiff's employment or pay. But Plaintiff clearly alleges in the Complaint that Couser is "an owner, member, and officer of The Avenue,

---

[2] The Court has scheduled a hearing to address the motion. However, upon further review of the briefs, the Court finds that a hearing is not necessary, *see* Local Rule 105.6 (D. Md. 2023), and will therefore convert the motion hearing to a scheduling conference.

2

who is significantly involved in its business operations." Compl. ¶ 5. Specifically, Plaintiff alleges that, at times, Couser was "Plaintiff's direct and immediate supervisor" and "asked [her] to work past her scheduled end time . . . ." *Id.* In addition, Plaintiff alleges that Couser and Dahlgren jointly controlled corporate funds used to pay Plaintiff and "set and approved the manner and amount Plaintiff was paid," and, at times, Couser paid Plaintiff from his personal funds. *Id.* Couser also "had authority to hire, fire, and discipline Plaintiff[,]" according to the Complaint. *Id.*

Couser disputes some of these facts, stating that he operated only as a consultant for The Avenue with no authority over wages, employment matters, or operations. ECF 24 at 2. But the Court cannot resolve such factual disputes at the pleading stage. *See, e.g.*, *Transamerica Premier Life Ins. Co. v. Selman & Co., LLC*, 401 F. Supp. 3d 576, 595 (D. Md. 2019); *Fain v. Crouch*, 540 F. Supp. 3d 575, 586 n.6 (S.D.W. Va. 2021). Moreover, Couser's consulting agreement is not dispositive of whether he is liable for the statutory violations alleged in the Complaint. "Both the FLSA and MWHL define the employment relationship 'very broadly, consistent with the remedial purposes of the legislation.' . . . As a result, the 'economic reality' of the parties' working relationship, rather than the label they give to that relationship, is dispositive of this issue." *Calle v. Chul Sun Kang Or*, Civ. No. DKC 11-0716, 2012 WL 163235, at *5 (D. Md. Jan. 18, 2012) (citations omitted). Accepting the facts alleged in the Complaint as true and drawing reasonable inferences in Plaintiff's favor, *see King*, 825 F.3d at 212, those facts are sufficient to state plausible claim that Couser is liable as an "employer" of Plaintiff under the FLSA.[3]

---

[3] Courts consider several factors "to determine whether an individual constitutes an 'employer' under the FLSA." *McFeeley v. Jackson St. Ent., LLC*, 47 F. Supp. 3d 260, 274 (D. Md. 2014), *aff'd*, 825 F.3d 235 (4th Cir. 2016). The factors include "whether the alleged employer[:] (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (quoting *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)).

Couser separately argues that the facts in the Complaint are not adequate to pierce the corporate veil and make him personally liable for The Avenue's conduct. ECF 24 at 2. But "[i]t is well settled that an individual may qualify as an employer and face liability under the FLSA." *Roman v. Guapos III, Inc.*, 970 F. Supp. 2d 407, 416 (D. Md. 2013). Plaintiffs are not required to plead facts to pierce the corporate veil in order to survive a motion to dismiss claims brought under the FLSA, MWHL, and MWPCL. *Reynolds v. Solo & AD, Inc.*, Civ. No. CBD-15-2021, 2015 WL 5882053, at *2 (D. Md. Oct. 2, 2015). The plaintiff need only "allege sufficient facts from which it could be inferred that Defendants are 'employers' under the [those statutes]." *Id.* As explained above, the facts alleged in the instant Complaint are sufficient to support a reasonable inference that Couser was an "employer" of Plaintiff for purposes of the wage statutes upon which Plaintiff's claims rely.

Finally, Couser states that this Court lacks personal jurisdiction of him. ECF 24 at 2. To the extent that he seeks dismissal for lack of personal jurisdiction, this request is denied. First, Couser resides in Maryland. Indeed, the signature line in his responsive pleading lists an address in Halethorpe, Maryland. *Id.* at 3. A court has general jurisdiction over a defendant when his contacts with the forum state are so "continuous and systematic" as to render the defendant "at home" in the forum state. *Goodyear Dunlop Tires Operations, S.A., v. Brown*, 564 U.S. 915, 918–19 (2011). Furthermore, Plaintiff alleges in the Complaint that Couser transacted business and performed work in Maryland that gave rise to his liability, satisfying requirements for personal jurisdiction under Maryland's long-arm statute. Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(1); *see also Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) ("When, however, as here, a district court decides a pretrial personal jurisdiction motion without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of

4

personal jurisdiction. . . . In deciding whether the plaintiff has made the requisite showing, the court must take all disputed facts and reasonable inferences in favor of the plaintiff.") (citations omitted). Plaintiff's allegations establish a prima facie basis for personal jurisdiction.

For the reasons stated above, it is this  28th  day of July, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. David Couser's motion to dismiss (ECF 24) is DENIED;

2. David Couser's motion to set aside default (ECF 34) is GRANTED;

3. The default entered as to David Couser (ECF 14) is VACATED;

4. The hearing scheduled for July 31, 2025, shall be converted to a telephonic scheduling conference;

5. The Clerk is directed to send a copy of this Memorandum Order to David Couser.

/S/
Matthew J. Maddox
United States District Judge